UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:20-ct-03083-FL

COBEY LAKEMPER,
                    Plaintiff,

        v.

ERIK A HOOKS, *et al.*,
                    Defendants.

**DEFENDANTS STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

NOW COMES Defendants Hooks, Ishee, Lassiter, and Owens (hereinafter "Defendants"), by and through undersigned counsel, pursuant to Local Civil Rule 56.1, to provide Defendants' Statement of Material Facts Not in Dispute.

1.      On or about February 7, 2014, Plaintiff was convicted of two counts of First Degree Murder and sentenced to life imprisonment. *See* Declaration of Counsel as Ex. A (attached to Appendix as **Exhibit 1**).

2.      Since his incarceration, Plaintiff has incurred 11 disciplinary convictions, but none for providing legal assistance. *Id.* at Ex. B.

3.      Defendant Hooks is now the Deputy Administrator of the Federal Emergency Management Agency ("FEMA"). *See* Declaration of Hooks at ¶ 2 (attached to Appendix as **Exhibit 2**).

1

4. Prior to accepting his federal role, Defendant Hooks was the Secretary of the North Carolina Department of Public Safety ("NCDPS") from January 2017 to August 1, 2021. *Id.*

5. As Secretary of NCDPS, Defendant Hooks was responsible for overseeing the various agencies within NCDPS, including the SBI, State Highway Patrol, National Guard, and Prisons. *Id.* at ¶ 3.

6. Each of those various agencies had its own hierarchy of staff members that were responsible for the management of their respective agencies. *Id.*

7. As far as Prisons, Defendant Hooks was not responsible for the creation, implementation, or enforcement of the custody policies applicable to Prisons. *Id.*

8. Specifically, Defendant Hooks played no role in the creation or enforcement of the policy relating to inmate mail or the policy prohibiting inmate-to-inmate legal assistance. *Id.*

9. Defendant Lassiter was the Director of Prisons from May 1, 2017 until his retirement in late 2019. *See* Declaration of Lassiter at ¶ 2 (attached to Appendix as **Exhibit 3**).

10. As Director of Prisons, part of Defendant Lassiter's job was to approve, implement, and enforce the policies and procedures related to prisons. *Id.* at ¶ 3.

2

11. Specifically, the policy related to the prohibition against inmate-to-inmate legal assistance was implemented before Defendant Lassiter became Director of Prisons. *Id.* at ¶ 4.

12. Defendant Lassiter was not involved in the decision to move to TextBehind for the processing of inmate mail. *Id.* at ¶ 6.

13. Defendant Ishee is the current Secretary of the North Carolina Department of Adult Correction, and has been in that role since October 2022. *See* Declaration of Ishee at ¶ 2 (attached to Appendix as **Exhibit 4**).

14. Prior thereto, Defendant Ishee was the Commissioner of Prisons from July 2019 until October 2022. *Id.*

15. In both roles, Defendant Ishee is/was responsible for overseeing the creation and implementation of policies and procedure related to prisons. *Id.*

16. Defendant Owens was the Warden at Pamlico from October 2018 until his retirement on January 1, 2022. *See* Declaration of Owens at ¶ 2 (attached to Appendix as **Exhibit 5**).

17. Defendant Owens was not responsible for the creation of any department-wide policies. *Id.* at ¶ 3.

18. The North Carolina prison system is currently operated by the North Carolina Department of Adult Correction, but was previously operated by the North Carolina Department of Public Safety.

3

Prisons across the country have experienced a surge in attempts to introduce drug contraband into the prisons through the mail. *See* **Exhibit 1** at Ex. C (NJ Spotlight News Article); *see also* **Exhibit 4** at ¶ 5.

19. Documents soaked in illicit substances, such as K2, is difficult to detect. *Id.*

20. In 2021, to assist in combating the introduction of contraband into North Carolina prisons, NCDAC started using TextBehind, a third-party communications company, to process inmate mail, except legal mail. **Exhibit 4** at ¶ 6.

21. NCDAC has a policy relating the processing of inmate mail. **Exhibit 1** at Ex. D.

22. TextBehind policies differentiate "Privileged Mail" from "Non-Privileged Mail." **Exhibit 1** at Ex. E.

23. According to TextBehind, the difference is "based on Sender's position. In other words, a document sent only by a practicing attorney or a public official may be considered privileged. Therefore, any document sent by anyone who is not a practicing attorney or a public official is treated as non-privileged mail." *Id.*

24. TextBehind defines "Non-Privileged Mail" as "Any communication sent by a family member, friend, inmate, organization, or educator *regardless of its content*," and states that these materials are "processed as non-privileged mail." *Id.* (emphasis added).

25. Whereas, "Privileged Mail cannot be accessed, reviewed (screened), or processed by TextBehind. Only the authorized personnel at the controlling correctional

institution may access privileged mail sent directly by a practicing attorney or a public official." *Id.*

26. NCDAC has a policy for offender rules of conduct, which prohibits inmates from assisting each other with litigation or legal matters. **Exhibit 1** at Ex. F (B.0301(q)).

27. NCDAC has a policy for disciplinary procedures, which makes any violation of the aforementioned rule a C20 disciplinary infraction. **Exhibit 1** at Ex. G (B.0202(C20)).

28. Pamlico CI has a standard operating procedure for Special Draw Requests. **Exhibit 1** at Ex. H (Section III(a)).

29. On or about April 15, 2021, Plaintiff submitted a Request for Special Draw to pay $900 to Elite Paralegal Services. **Exhibit 1** at Ex. I (Request for Special Draw Packet).

30. Plaintiff's Special Draw Request was disapproved by Defendant Owens. *Id.*

31. On April 27, 2021, a letter was sent from the Trust Fund Office to Plaintiff, stating that "Money cannot be sent to open accounts for future use." *Id.*

32. NCDAC has a policy for administrative remedy procedure. **Exhibit 1** at Ex. J ("ARP").

33. Plaintiff was aware of his need to exhaust his administrative remedies. *Id.* at Ex. J (G.0302(a)(1)) & L (Grievances).

34.     Plaintiff failed to exhaust his administrative remedies for his claim that the policy prohibiting inmate legal assistance violates his First Amendment rights.  **Exhibit 1** at Ex. K (IGRB Memo) & L (Grievances).

35.     Plaintiff has access to NCPLS.

36.     DAC provides inmates with electronic tablets, which have Westlaw access.

37.     Plaintiff can use the electronic tablet to get legal assistance from third-party vendors.  **Exhibit 1** at Ex. M.

38.     Defendants did not personally process any of Plaintiff's mail.  **Exhibit 2; Exhibit 3; Exhibit 4; Exhibit 5.**

39.     Defendant Owens did not know about Plaintiff's grievances or lawsuits prior to disapproving Plaintiff's Special Draw Request.  **Exhibit 5** at ¶ 9.

40.     Plaintiff continued to submit grievances and lawsuits after Plaintiff's Special Draw Request was denied.  **Exhibit 1** at Ex. L; *see also LaKemper v. Owens, et al.*, No. 5:21-ct-03293-M, DE-1 (E.D.N.C. Sept. 22, 2021); *LaKemper v. Honeycutt, et al.*, No. 5:22-cv-00189-MR, DE-1 (W.D.N.C. Dec. 15, 2022).

41.     Plaintiff continued to work with Elite Paragraph Services after Defendant Owens denied Plaintiff's Special Draw Request.  **Exhibit 1** at Ex. M.

42.     Plaintiff's Special Draw Request was not accompanied by any bills, invoices, statements, or order forms.  **Exhibit 1** at Ex. I.

6

Respectfully submitted this the 22nd day of February, 2024.

JOSHUA H. STEIN
Attorney General

/s/ Alex R. Williams
Alex R. Williams
Special Deputy Attorney General
N.C. State Bar No. 41679
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602-0629
Telephone:  (919) 716-6528
Fax:  (919) 716-6761
E-mail:  awilliams@ncdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that I will cause the foregoing document to be served via US Mail on Plaintiff as follows:

Cobey LaKemper
OPUS No. 0767480
Alexander Correctional Institution
633 Old Landfill Rd.
Taylorsville, NC 28681
*Pro Se Plaintiff*

This the 22nd day of February, 2024.

/s/ Alex R. Williams
Alex R. Williams
Special Deputy Attorney General