UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
File No.: 5:17-CV-00073-FDW

| | |
|---|---|
| COBEY LAKEMPER,<br>Plaintiff,<br><br>v.<br><br>GEORGE T. SOLOMON, *et al.*,<br>Defendants. | SETTLEMENT AGREEMENT<br>AND RELEASE |

This Settlement Agreement and Release ("Agreement") is entered into by and between Plaintiff Cobey Lakemper ("Plaintiff") and the North Carolina Department of Public Safety ("NCDPS"), for itself and for the benefit of Levi Brothers, Benjamin A. Carver, Russel Chester, Thomas Dula, Kenneth Lassiter, Christopher Rich, George T. Solomon, and Larry Swain (collectively referred to herein as "Released Parties"), in full and final settlement of all claims, actions, and causes of action between them, as set forth herein, and as brought by Plaintiff in the United States District Court, Western District of North Carolina, Statesville Division, Civil Action No. 5:17-cv-73, and entitled *LaKemper v. Solomon, et al.*

WHEREAS, Plaintiff, who at all times relevant herein was an inmate in the custody of the NCDPS, filed the above-captioned case pursuant to 42 U.S.C. §1983 claiming damages for violations of his rights under the First, Fourth, and Fourteenth Amendments while housed at Pasquotank Correctional Institution and Alexander Correctional Institution;

WHEREAS, on September 16, 2020, the parties participated in a judicial settlement conference via telephone, and the terms of this settlement were formally put on the record;

1

NOW, THEREFORE, in order to avoid further controversy, expense, and inconvenience, Plaintiff and Released Parties have agreed upon a full and final settlement of all matters at issue between them and desire the settlement be memorialized in this Agreement upon the following terms and conditions:

1. <u>Terms</u>. NCDPS agrees to the following in full and complete satisfaction of Plaintiff's claims against Released Parties, including those claims that were or could have been brought:

    a. **Plaintiff's Trust Fund Debt:** Within 30 days of full execution of this Agreement, receiving a fully executed copy of this Agreement, NCDPS agrees to pay the sum of $553.66 to the below listed Clerks of Court for filing fees accrued by Plaintiff: $228.66 to the Clerk of Court for the Western District of North Carolina and/or Clerk of Court for the Fourth Circuit; and $325.00 to the Clerk of Court for the Eastern District of North Carolina.

    b. **Payment to Plaintiff:** Within 30 days of full execution of this Agreement, on behalf of Plaintiff, and at the direction and express instruction of Plaintiff, NCDPS will pay to Judy LaKemper the amount of Three Thousand Nine Hundred Forty-Six Dollars and Thirty-Fourt Cents ($3,946.34), which payment shall be mailed to Ms. LaKemper at the following address:

> Judy LaKemper
> PO Box 186
> Niceville, FL 32588

    c. **Transfer to Pamlico Correctional Institution:** Upon information and belief, Plaintiff is on a backlog of inmates scheduled to be transferred to Pamlico Correctional Institution. Within 30 days of full execution of this Agreement, NCDPS agrees to transfer Plaintiff to Pamlico Correctional Institution, and thereafter, not to

2

maliciously transfer Plaintiff to another facility. However, this restriction does not affect NCDPS' ability to transfer Plaintiff to any other facility for security, medical, population management, or any other administrative reasons. And lastly, NCDPS agrees to note in OPUS that Plaintiff's transfer to Pamlico Correctional Institution was pursuant to this settlement;

d. **Letter to Plaintiff's Mother:** Within 30 days of full execution of this Agreement, NCDPS agrees to send a letter to Plaintiff's mother at the above address expressing regret that her mail was not delivered to Plaintiff. The letter shall not be construed as an admission of liability. A representative letter is attached hereto as **Exhibit A**.

2. Dismissal of the Above-Captioned Case. Immediately upon compliance with the items set forth in numerical Paragraph 1(a), (b), and (d), Plaintiff and Released Parties shall file in the above-captioned case a joint stipulation of dismissal with prejudice as to all of Plaintiff's claims against the Released Parties, with all parties to bear their own attorneys' fees and costs.

3. Release. Plaintiff does hereby release, forever discharge, and waive any cause of action, known or unknown, including any administrative claim, or claim under State or Federal law, or other demand or proceeding of any kind against the Released Parties, as well as all past or present agents and employees of NCDPS in their official or individual capacities, related to and/or arising, resulting, or growing out of the facts as alleged in the above-captioned case.

4. No Admission of Liability. Plaintiff and Released Parties understand and agree that this Agreement is a compromise settlement of disputed claims and is intended to terminate any and all claims, herein released, and avoid further litigation. Settlement in this matter by

3

NCDPS and Released Parties is not to be construed as an admission of any liability by any party. Each party to this agreement releases all other parties from any and all liability.

5. <u>Future Cooperation</u>. Plaintiff and Released Parties agree to cooperate, to execute any and all reasonable and necessary supplementary documents, and to take all additional reasonable actions that may be necessary to give full force and effect to the terms of this Agreement within the spirit of this Agreement.

6. <u>Entire Agreement</u>. The rights and obligations of Plaintiff and his respective agents, successors, and assignees shall be subject to and governed by this Agreement, which supersedes any other understandings or writings between or among Plaintiff and Released Parties. This Agreement contains the entire agreement between Plaintiff and Released Parties, and there are no understandings or agreements, verbal or otherwise, regarding this settlement except as expressly set forth herein.

7. <u>Reading of Agreement</u>. Plaintiff hereby acknowledges that he has read this Agreement, conferred with his attorney, fully understands its contents, consents to the settlement of the claim on the terms set forth herein, and does so in reliance upon his own judgment and the advice of his attorneys, and not in reliance on any other representations or promises of NCDPS, its representatives, or attorneys, not expressly included in this agreement.

8. <u>Manner of Execution</u>. This Agreement may be executed, including execution by facsimile, in any number of counterparts, each of which shall be deemed to be an original and all of which together shall constitute one and the same document.

[SIGNATURE PAGES ON FOLLOWING PAGE]

IN WITNESS WHEREOF and intending to be legally bound hereby, the parties have executed this Settlement Agreement on the date written below their respective signatures.



_____
Cobey LaKemper
Plaintiff

Date: 15 October 2020

_____
Todd Ishee
Commissioner of Prisons
North Carolina Department of Public Safety

Date: 10-26-2020

_____
Alex R. Williams
NC Department of Justice
Public Safety Department
114 W. Edenton Street
Raleigh, NC 27603
Attorney for Defendants

Date: 10/26/2020

5